**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| HOVENSA L.L.C., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 13-2743 |
| | : | |
| v. | : | **OPINION** |
| | : | |
| KRISTENSONS-PETROLEUM, INC., | : | |
| | : | |
| Defendant/ Third-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OILS OVERSEAS S.A., | : | |
| | : | |
| Third-Party Defendant. | : | |

PISANO, District Judge

Before the Court is Third-Party Defendant Oils Overseas S.A. ("OOSA")'s motion to dismiss the Third-Party Complaint for lack of personal jurisdiction and/or failure to join a necessary or indispensible party, pursuant to Fed. R. Civ. P. 12(b)(2) and (7).  Third-Party Plaintiff Kristensons-Petroleum, Inc. ("KPI") opposes this motion.  The Court decides these matters without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, the Court will deny OOSA's Motion to Dismiss.

**I.      Background**

Hovensa LLC ("Hovensa") is a U.S. Virgin Islands limited liability company that operates a marine terminal in St. Croix.  KPI, a Delaware corporation with its principal place of business in New Jersey, is a trader of marine fuel oil, commonly known as bunkers.  KPI regularly purchases bunkers of oil from Hovensa under the terms of a standard contract.  OOSA,

a Panamanian corporation headquartered in Greece, is also a trader of marine fuel oil.  The M/T Commencement (the "Vessel") is a foreign-flagged ocean-going tanker, which is not registered in the United States.  Annamar Navigation, Inc. ("Annamar") is the owner of the Vessel and Chemnav Shipmanagement, LLC ("Chemnav") is the Vessel's operator.  Neither Annamar nor Chemnav are parties to this litigation.

On November 25, 2011, Chemnav engaged OOSA to supply the Vessel with approximately 2,300 barrels of marine fuel oil to be delivered to the Vessel, F.O.B., at Hovensa's St. Croix terminal.  OOSA then ordered the oil requested by Chemnav from KPI.  KPI, in turn, then ordered the oil from Hovensa.  On November 27, 2011, Hovensa delivered the requested barrels of oil to the Vessel, which acknowledged receipt.   Once delivery was made, Hovensa sent KPI an invoice for $242,121.60, KPI sent OOSA an invoice for $243,851.04, and OOSA sent Chemnav an invoice for $248,462.88, all payable within thirty days of delivery.  To date, OOSA has not paid KPI, and KPI has not paid OOSA.  Thereafter, the Vessel departed from Hovensa's St. Croix terminal for Korea.  At some point, the Vessel suffered an engine failure requiring its towage to Hawaii for repairs.

## II.    Procedural History

On May 16, 2012, Hovensa brought suit against KPI in this Court, seeking $242,121.60 in payment for 2,294 barrels of marine fuel oil that Hovensa had delivered to the Vessel on KPI's account.  By stipulation of the parties, the action was transferred to the United States District Court for the Southern District of New York on July 24, 2012 under 28 U.S.C. § 1404.  The parties stated that the purpose of the transfer was to "facilitate the impleader of a third party defendant who may not be subject to *in personam* jurisdiction in this forum [the United States

District Court for the District of New Jersey].” *See* Stipulation and Order to Transfer, *Hovensa LLC v. Kristensons-Petroleum, Inc.*, Civil Action No. 12-2921 (D.N.J. July 23, 2012).

On August 9, 2012, KPI filed a Third-Party Complaint (the “SDNY Complaint”) against OOSA, alleging that it had ordered the fuel oil from Hovensa to fulfill a contract with OOSA. KPI seeks $243,851.04 from OOSA for non-payment of that contract. OOSA entered an appearance on January 4, 2012, for the purpose of contesting jurisdiction. OOSA then moved for dismissal of KPI’s SDNY Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and (7). KPI opposed the motion, arguing that OOSA had contractually consented to jurisdiction in New York. On April 26, 2013, the Southern District issued an opinion and order granting the dismissal of the SDNY Complaint against OOSA for lack of personal jurisdiction over OOSA. The Southern District then, *sua sponte*, transferred the case back to this District under 28 U.S.C. § 1404. The Southern District found that the case “was transferred to this Southern District solely to facilitate the impleader of OOSA” and because that “purpose has been frustrated, there is no reason for the action to continue in this District.” *See Hovensa LLC v. Kristensons-Petroleum, Inc.*, 2013 U.S. Dist. LEXIS 60723, at *14-21 (S.D.N.Y. Apr. 26, 2013).

On March 8, 2013—prior to the issuance of the SDNY Opinion—Annamar commenced an action against Hovensa in the United States District Court of the Virgin Islands. Annamar’s complaint consists of claims for products liability, negligence, and breach of warranties, based on the allegedly “unreasonably dangerous, defective and unfit bunkers” supplied by Hovensa to the Vessel. Annamar is seeking damages totaling approximately $5,340,533.22. *See* Complaint, *Annamar Navigation, Inc. v. Hovensa, L.L.C.*, Civil No. 13-0022 (D.V.I. Mar. 8, 2013). In other words, Annamar is alleging that Hovensa has failed to properly perform on the contract for which Hovensa is now seeking payment from KPI (and KPI from OOSA) in this action.

With this matter now back before this Court, KPI filed a Third-Party Complaint (the "DNJ Complaint") against OOSA in this Court.  OOSA has moved to dismiss this DNJ Complaint, arguing that that KPI's DNJ Complaint must be dismissed pursuant to principles of res judicata or for failure to join the necessary and indispensable parties of Annamar and/or Chemnav.  The Court discusses these arguments below.

## II.   <u>Discussion</u>

OOSA contends that KPI's present action is barred by res judicata.  "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'  *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).  Both claim and issue preclusion, however, require a prior action in order to have a preclusive effect in a later action. *See Mullarkey v. Tamboer (In re Mullarkey)*, 536 F.3d 215, 225 (3d Cir. 2008) (internal quotation marks omitted); *R&J Holding Co. v. Redevelopment Auth.*, 670 F.3d 420, 429 (3d Cir. 2011).  Here, the Order by the Southern District dismissing KPI's Third-Party Complaint against OOSA and transferring the case back to this District was issued in the same case.  Therefore, the principles of res judicata are inapplicable.

On the other hand, the law of the case doctrine does apply here, where a case has been transferred between districts.  *See Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 168 (3d Cir. 1982).  "The law of the case doctrine limits the extent to which an issue will be reconsidered once the court has made a ruling on it."  *Fagan v. City of Vineland*, 22 F.3d 1283, 1290 (3d Cir. 1994).  In other words, once a court decides upon a rule of law, that decision should govern the same issues subsequently in the same case.  The rule, however, extends "only to issues that were actually decided in prior proceedings."  *Farina v. Nokia, Inc.*, 625 F.3d 97, 117 n.4 (3d Cir. 2010); *see also Fagan*, 22 F.3d at 1290 ("The law of the case operates only to limit

reconsideration of the same issue.").  The doctrine stems from the belief that a successor judge should not, as a measure of comity, "lightly overturn decisions of his predecessors in a given case." *Fagan*, 22 F.3d at 1290.   Issues that have not been determined earlier, but are rather posed for the first time, leave a second judge free to issue an opinion. *See, e.g.*, *Hayman*, 669 F.2d at 169-70.  The doctrine, however, "does not preclude a trial judge from clarifying or correcting an earlier, ambiguous ruling."  *See Fagan*, 22 F.2d at 1290-91 (citing *Swietlowich v. County of Bucks*, 610 F.2d 1157, 1164 (3d Cir. 1979)).

The issue presented before this Court is whether OOSA's contacts with New Jersey are sufficient to permit the Court to exercise personal jurisdiction over OOSA.  This issue has not been litigated or determined by any court in this case.  The issue before the Southern District was whether OOSA was subject to personal jurisdiction in New York.  KPI relied entirely on certain contractual provisions to argue that OOSA was subject to personal jurisdiction in New York, and the Southern District found that these contracts did not support the exercise of personal jurisdiction over OOSA by a New York court.  Because KPI had offered no other grounds for jurisdiction in New York, nor any reason for the Southern District to believe that jurisdictional discovery was warranted, the Southern District dismissed KPI's Third-Party Complaint against OOSA.  A determination that personal jurisdiction exists in this District would not overturn or operate as a reconsideration of the earlier decision by the Southern District, because the Southern District never determined, nor was presented, any arguments regarding the existence of personal jurisdiction over OOSA in New Jersey.  OOSA emphasizes that KPI knew about OOSA's alleged contacts with New Jersey before requesting a transfer to the Southern District of New York, and, despite having the ability to raise the issue in the Southern District, chose not to argue this basis.  The law of the case doctrine, however, is concerned with issues of comity between

judges.   Consequently, it is not enough to say that the parties "could" have litigated an issue, but chose not to, for the law of the case doctrine to prevent a successor judge from addressing the issue.   Therefore, the Court will deny OOSA's motion to dismiss for lack of personal jurisdiction pursuant to the doctrine of res judicata.

### B.      Required Parties under Rule 19

OOSA has also moves to dismiss the Third-Party Complaint pursuant to Rule 12(b)(7) for failure to join the Vessel Interests pursuant to Rule 19.  However, the crux of OOSA's argument revolves around the fact that Annamar has brought suit against Hovensa in the United States District Court of the Virgin Islands, seeking damages caused by the allegedly "unreasonably dangerous, defective and unfit bunkers" supplied by Hovensa to the Vessel [hereinafter, the "Annamar Action"].  As OOSA points out, Hovensa is seeking payment from KPI for its sale of these bunkers before this Court, but, depending on the result of the pending lawsuit in the Virgin Islands, it may not be entitled to payment. This not only raises the issue of whether this action for payment by Hovensa is premature, because the outcome of the Annamar Action would appear to have an impact on this case, but also whether this is the most convenient forum in which this lawsuit should continue.  Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1]  Accordingly, the parties are ordered to brief the transfer issue, so that the Court may determine if the United States District Court of the Virgin Islands is a more convenient venue for this matter.   The Court

---

[1] The Third Circuit has not decided whether a district court may transfer venue under 28 U.S.C. § 1404(a) on its own motion. Courts within this Circuit have held that when no motion to transfer to a more convenient venue has been filed, the court may *sua sponte* transfer the case, but only after first providing the parties with an opportunity to brief the transfer issue. *See, e.g.*, *Rudolph v. HR Specialist, Inc.*, Civ. No. 13-859, 2014 U.S. Dist. LEXIS 50111, at *4 (D. Del. Apr. 11, 2014); *Johnson v. U.S. Bancorp*, Civ. No. 10-1072, 2012 U.S. Dist. LEXIS 45350, at *10-11 (D. Del. Mar. 30, 2012); *Bank Express Int'l v. Kang*, 265 F.Supp.2d 497, 507 n.12 (E.D. Pa. 2003).

will deny, without prejudice, OOSA's Rule 12(b)(2) dismissal argument until the transfer issue has been determined.

**III.** **Conclusion**

For the above reasons, the Court will deny OOSA's Motion to Dismiss.  The parties are directed to brief the issue of the venue most convenient to hear this matter.  An appropriate Order follows.

                        /s/ Joel A. Pisano
                        JOEL A. PISANO, U.S.D.J.

Dated: May 6, 2014